IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No: 1:20-CV-1100

| | |
|---|---|
| AMY SIMPSON, )<br>)<br>Plaintiff, )<br>) **COMPLAINT**<br>v. )<br>)<br>)<br>ROCKINGHAM COUNTY BOARD, )<br>OF ELECTIONS, )<br>ROCKINGHAM COUNTY, )<br>BONNIE PURGASON and TONI REECE, )<br>in their official capacity and individually, )<br>)<br>Defendants. ) | |

Plaintiff, Amy Simpson, complaining of defendants, does hereby state and allege the following:

**ACTION**

1. Plaintiff served as the Senior Deputy Director of the Rockingham County Board of Elections (RCBOE), until her recent termination on September 29, 2020. Plaintiff institutes this action to address retaliation against her by the defendants for her exercise of free speech in a private conversation. Because of the defendants' actions, Plaintiff has lost her job, her full retirement and other benefits and has been subjected to severe damages to her reputation and career, as more fully set out below. Plaintiff has been deprived of her right to free speech and other rights guaranteed by the United States and North Carolina Constitutions, and the law of North Carolina, including N.C. Gen. Stat. § 163-39.

1

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, and the Constitution and common law of North Carolina. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

3. The unlawful practices alleged below were committed within the Middle District of North Carolina, and venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Amy Simpson, is, and was at all times relevant to this matter, a citizen of the United States and a resident of Rockingham County, North Carolina.

5. The defendant RCBOE is a board duly established and existing pursuant to Chapter 163 of the North Carolina General Statutes, as defined and described in N.C. Gen. Stat. § 163-30. In the exercise of its statutory powers, defendant RCBOE operates as county board of elections in Rockingham County. At all times relevant hereto, defendant RCBOE acted through its board members, particularly defendants Bonnie Purgason and Toni Reece; and the acts, edicts, and practices of these persons represent the official policies of defendant RCBOE. At all times relevant hereto, defendant RCBOE was a "person" within the meaning and definition of 42 U.S.C. § 1983.

6. The defendant Rockingham County ("the County") is a body politic and corporate entity created by the North Carolina General Statutes, and is vested with the property and rights of property belonging to the County. Under the County name, the County may sue and be sued as authorized by N.C. Gen. Stat. § 153A-11.

7. Upon information and belief, the defendant Bonnie Purgason is a resident of Rockingham County, North Carolina. At all times relevant to this matter, defendant Purgason

held the position of board member of the RCBOE. Defendant Purgason is sued in her official capacity as member of the RCBOE and in her individual capacity.

8. Upon information and belief, the defendant Toni Reece is a resident of Rockingham County, North Carolina. At all times relevant to this matter, defendant Reece held the position of board member of the RCBOE and served as board secretary. Defendant Reece is sued in her official capacity as member of the RCBOE and in her individual capacity.

**FACTS**

9. Since 2018 until her termination on September 29, 2020, Plaintiff was Senior Deputy Director of the RCBOE. In that capacity, Plaintiff has been a dual employee of both the RCBOE and the County in that her job description and title have been established by the RCBOE, while her salary, retirement, longevity, and health benefits are controlled by the County.

10. The County currently denies that the County employment policies have any application to Plaintiff's termination of employment at issue here. However, in the past the County has in fact applied its employment policies to Plaintiff in her role as RCBOE Senior Deputy Director.

11. Plaintiff has been a dedicated public servant throughout her distinguished career, characterized by hard work, attention to detail, and conscientious duty. Her annual appraisals have consistently been outstanding throughout her service in the North Carolina Department of Corrections, the Rockingham County Register of Deeds Office, and the RCBOE. At the time of her termination of employment, Plaintiff was ten months shy of her full County retirement eligibility.

3

12. Plaintiff began employment with RCBOE on August 20, 2018, as Senior Deputy Director. On or about March 16, 2020, the RCBOE County Director effectively retired, no longer coming into the office. As a result and at that time Plaintiff, assumed the duties of County Director. From March 2020 until September 29, 2020, Plaintiff acted in the role of County Director. Plaintiff served as the only RCBOE employee from March 2020 until June 15, 2020, when the RCBOE hired a second fulltime employee, whom Plaintiff trained and supervised. Plaintiff undertook the duties of County Director with no increase in pay or benefits commensurate with the County Director's duties.

13. On September 29, 2020, the defendants held a board meeting ostensibly for the purpose of counting absentee ballots. With no prior notice to Plaintiff of any employment matter that may relate to her, the defendants entered into an Executive Session with the County attorney. After 30 to 45 minutes, the defendants called Plaintiff into the Executive Session and questioned her about a private conversation that she had with her doctor, not intended for general public distribution. The defendants questioned Plaintiff as to whether she thought her conversation with her doctor violated N.C. Gen. Stat. § 163-39. Plaintiff responded unequivocally, "No." After returning to the open session, the defendant Purgason made a motion to terminate Plaintiff's employment. The defendant Reece seconded the motion. The defendants thereafter terminated Plaintiff's employment by a vote of 4-1.

14. Upon information and belief, a few days prior to this meeting, the defendants Purgason and Reece visited Plaintiff's doctor to inquire about a private, individual conversation that occurred between Plaintiff and her doctor, not intended for general public distribution. During said conversation, in exercising her free speech rights, Plaintiff asked her doctor, "If a

4

friend could put a sign up outside his office like you had allowed me to do." Plaintiff's doctor replied, "Sure."

15. Upon information and belief, the defendants Purgason and Reece, and others, engaged in an unlawful plan to terminate Plaintiff's employment based upon Plaintiff's individual expression of free speech to her doctor.

16. In terminating Ms. Simpson from her role as Senior Deputy Director for the RCBOE, the defendants acting under the color of law in their official capacities, and defendants Purgason and Reece acting individually, relied upon Plaintiff's expression of free speech as a pretext for firing Plaintiff. Plaintiff's words to her doctor were not intended for general public distribution, and were specifically protected under N.C. Gen. Stat. § 163-39, as well as the federal and state Constitutions.

17. Upon information and belief, the defendants have waived sovereign or governmental immunity, to the extent necessary as applied to the claims herein, through the purchase of one or more policies of liability insurance pursuant to N.C. Gen. Stat. § 160A-485, and/or by participating in a local government risk pool pursuant to N.C. Gen. Stat. § 58-23-5.

**FIRST CLAIM FOR RELIEF**
**First Amendment Violations – U.S. Constitution**
**42 U.S.C. § 1983**

18. Plaintiff hereby incorporates by reference the above paragraphs as if fully set forth herein.

19. As set forth above, Plaintiff engaged in protected activity in that she exercised her Constitutional rights to free speech, as guaranteed by the First Amendment of the United States

5

Constitution, in speaking with another individual in a private conversation, not intended for general public distribution.

20. Plaintiff's Constitutional rights were clearly established at the time of defendants' violations, and reasonable board members in defendants Purgason and Reece's positions knew or should have known that their conduct violated Plaintiff's rights.

21. Plaintiff's private conversation with her doctor was not part of Plaintiff's official duties or within the scope of her employment as Senior Deputy Director of the RCBOE.

22. In taking the actions, as described above, Plaintiff exercised her right to free speech in a conversation not intended for general public distribution.

23. Plaintiff's conversation with her doctor qualified as speech protected by the state and federal Constitutions in that her speech related to a matter of public concern (the election process), was spoken in a private discussion not associated with her workplace, and was the motivating or "but for" factor causing her discharge from employment. Under these circumstances, the interests of Plaintiff and the community in the exercise of free speech concerning the political process far outweigh any interest of the defendants in maintaining an efficient workplace.

24. In their termination of Plaintiff, the defendants, acting under color of state and local law, denied plaintiff her Constitutional right to free speech and retaliated against her for the exercise of her rights, guaranteed by the First Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983 and N.C. Gen. Stat. §163-39.

25. As a proximate result of said violations, Plaintiff has suffered and incurred substantial damages, and is entitled to punitive damages and equitable relief, as more fully described below.

## SECOND CLAIM FOR RELIEF
### Free Speech Violations – N.C. Constitution
### Article I, Sections 1 and 14

Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, Plaintiff states the following claim against the defendant RCBOE and the individual defendants in their official capacities, alternatively to Plaintiff's Third Claim for Relief below:

26. Plaintiff hereby incorporates by reference the above paragraphs as if fully set forth herein.

27. As set forth above, when Plaintiff engaged in a private conversation with her doctor, Plaintiff engaged in protected activity in that she exercised her State Constitutional rights to free speech, as guaranteed by Article I, §§ 1 and 14 of the North Carolina Constitution and N.C. Gen. Stat. § 163-39.

28. Plaintiff's State Constitutional rights were clearly established at the time of defendants' violations, and reasonable board members in defendants Purgason and Reece's positions knew or should have known that their conduct violated Plaintiff's rights.

29. Plaintiff's conversation with her doctor was not part of Plaintiff's official duties or within the scope of her employment as Senior Deputy Director of the RCBOE.

30. In speaking with her doctor in a private conversation not intended for general public distribution, Plaintiff exercised her right to free speech regarding an individual expression of opinion and support.

31. In their termination of Plaintiff, the defendants, acting under color of state and local law, denied to Plaintiff her State Constitutional right to free speech, guaranteed by §§ 1 and 14 of Article I of the North Carolina Constitution and denied Plaintiff her protection under N.C. Gen. Stat. § 163-39.

32. To the extent plaintiff's Third Claim for Relief is barred by the defense of governmental immunity, Plaintiff alleges that she has no adequate remedy under state law for the defendants' violation of her rights to free speech, as alleged herein.

33. As a proximate result of said violations, Plaintiff has suffered and incurred substantial damages, and is entitled to punitive damages and equitable relief, as more fully described below.

### THIRD CLAIM FOR RELIEF

### Wrongful Discharge Against Public Policy

34. Plaintiff hereby incorporates by reference the above paragraphs as if fully set forth herein.

35. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, Plaintiff states the following claim alternatively to her Second Claim for Relief above:

36. It is the public policy of the State of North Carolina, as mandated by Article I, § 14 of the North Carolina Constitution, that employees of local government be protected from retaliation for exercising their rights to free speech.

37. On September 29, 2020, the defendants discharged Plaintiff from her employment with the RCBOE as a direct result of and in retaliation for her protected activity in engaging in a private conversation with her doctor and for exercising her right to free speech. Plaintiff's conversation was not intended for general public distribution. Accordingly, the defendants' discharge of plaintiff was wrongful and unlawful and in violation of the public policy of the State of North Carolina.

38. As a proximate result of said violations, Plaintiff has suffered and incurred substantial damages, and is entitled to punitive damages and equitable relief, as more fully described below.

## **FOURTH CLAIM FOR RELIEF**
**Unjust Enrichment**

39. Plaintiff hereby incorporates by reference the above paragraphs as if fully set forth herein.

40. During the period of her employment from on or about March 16, 2020, to her termination, Plaintiff served the role of County Director for the defendant RCBOE, assuming the duties and responsibilities of the County Director. In so doing, Plaintiff rendered a service to the defendants RCBOE and to the County. At the time of her termination by the defendants, Plaintiff's salary, retirement and other benefits were funded by the County. Plaintiff was ten months shy of her full County retirement eligibility when fired.

41. The service rendered by Plaintiff had value to the defendants RCBOE and the County in that Plaintiff filled the Director's role ably and responsibly without the defendants paying a salary commensurate with said duties.

42. Plaintiff did not provide said services to the defendants RCBOE or the County as a gift or in repayment of a debt, but rather Plaintiff expected to be paid for said services at a salary level commensurate with the duties performed. Plaintiff's expectation of payment for the work performed was reasonable.

43. The defendants RCBOE and the County received the services with the knowledge that Plaintiff was performing all the duties of a County Director and with knowledge or reason to know that Plaintiff expected to be paid for the duties performed.

9

44. The defendants RCBOE and the County voluntarily accepted Plaintiff's services as a County Director after having a realistic opportunity to refuse them or to hire a County Director to perform the duties performed by Plaintiff.

45. As a direct and proximate result of the defendant's actions described above, the defendants RCBOE and the County were unjustly enriched in an amount equivalent to the reasonable salary amount of the County Director service provided by Plaintiff, less any salary in fact paid to Plaintiff, plus all benefits associated with the County Director's position not otherwise provided to Plaintiff, in an amount in excess of $25,000.00.

## DAMAGES AND INJUNCTIVE RELIEF

46. Plaintiff hereby incorporates by reference the above paragraphs as if fully set forth herein.

47. As a proximate result of the defendants' termination of Plaintiff, Plaintiff has suffered substantial personal injuries and other damages in the deprivation of her Constitutional and legal rights, and the termination of her employment, including: lost income and benefits, including insurance, longevity and retirement; emotional distress and mental anguish; loss of enjoyment and quality of life; damage to her employment reputation; and the potential loss of her career. Accordingly, Plaintiff is entitled to compensatory damages in an amount in excess of $100,000.00.

48. The defendants' actions, as described above, were willful and wanton, and evinced an intentional or reckless indifference to and disregard for the legal rights of the Plaintiff. Accordingly, Plaintiff is entitled to punitive damages against the individual defendants in an amount to be determined in the discretion of the jury.

49. There is no fully adequate remedy at law in that Plaintiff cannot be totally compensated in damages for the loss of her livelihood. Thus, in the absence of injunctive relief, Plaintiff will sustain irreparable harm. Accordingly, Plaintiff should be reinstated to her position with the RCBOE and the defendants should be enjoined from further violations of Plaintiff's rights.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby requests the following relief:

1. That the Court declare the termination and other actions against Plaintiff by the defendants were in violation of Plaintiffs' federal and state Constitutional rights to free speech, the public policy of North Carolina and N.C. Gen. Stat. § 163-39;

2. That Plaintiff be reinstated to her respective position as Senior Deputy Director of the RCBOE, with no gap in her term of service, with all retirement plans, salary, back pay, vacation and leave days, insurance, longevity pay and benefits fully reinstated;

3. That Plaintiff recover from the defendants, jointly and severally, compensatory damages in an amount in excess of $100,000.00;

4. That Plaintiff recover from the defendants RCBOE and the County compensatory damages in an amount in excess of $25,000.00 due to unjust enrichment;

5. That Plaintiff recover punitive damages against the individual defendants in an amount in the discretion of the jury;

6. That Plaintiff recover pre-judgment and post-judgment interest on all sums recovered herein;

7. That Plaintiff recover the costs of this action, including reasonable attorneys' fees for her representation herein pursuant to 42 U.S.C. § 1988 or as otherwise allowed by law; and

8. That this Court grant such other and further relief which it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on issues presented herein.

This the 9th day of December, 2020.

/s/ Walter C. Holton, Jr.
Walter C. Holton, Jr.
N.C. Bar # 12698
Cheryl D. Andrews
N.C. Bar # 37584
HOLTON LAW FIRM, PLLC
857 West Fifth Street
Winston-Salem, NC 27101
Telephone: (336) 777-3480
Facsimile: (336) 722-3478
wholton@walterholton.com
*Attorneys for Plaintiff*
